## CONNOLLY v. DILLRANCE.

1. **Vendor and Vendee: FRAUD.** The sale of personal property by an insolvent person for its full value, for cash and a pre-existing debt, does not of itself imply fraud in the transaction.

2. ———: ———: **LIEN.** Fraud will not be imputed to the purchase by the senior lien holder of articles covered by a junior lien, notwithstanding the senior lien embraced other articles not subject to the junior lien.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 9.

THE plaintiff claims that the garnishee had property in his hands belonging to the debtor Farrar. The court so found, and rendered judgment for the value. Other facts are stated in the opinion. The garnishee appeals.

*Graham & Cady*, for appellant.

*E. McCeney* and *John Deery*, for appellee.

ADAMS, J.—The garnishee, at the time he was garnished, had in his possession a horse and wagon which he claimed

1. VENDOR and vendee: fraud.

that he purchased of the debtor Farrar. In his answer he set up the purchase. The plaintiff took issue, averring that the purchase was made to defraud the plaintiff, and, therefore, void. He averred some other matters, which will be referred to hereafter. After the garnishee had answered he sold the horse and wagon for one hundred and five dollars, which appeared to be the fair value of the property, and the court charged him as garnishee with that amount.

The first question to be determined is whether there is any evidence that the sale to the garnishee was fraudulent. It is undisputed that the garnishee held an unsecured note against

Connolly v. Dillrance.

Farrar for seventy-two dollars, and that he gave for the horse and wagon the note and twenty-five dollars in cash. It is also undisputed that Farrar was insolvent; that the plaintiff had a claim against him of about one hundred and thirty-five dollars; that the garnishee was informed by plaintiff that he had such claim, and that the garnishee immediately made the purchase in question. It is not shown that the garnishee knew that Farrar was insolvent, or that the plaintiff was about to bring an action to enforce his claim. If there was evidence of fraud, it is to be gathered from the foregoing facts. Fraud may, of course, be inferred from circumstances; but it is not to be inferred from very slight circumstances, which are entirely consistent with honesty. The circumstance relied upon in this case is that the garnishee purchased the property of Farrar, knowing that Farrar owed the plaintiff one hundred and thirty-five dollars. But, certainly, persons who are in debt must be allowed to sell property as well as others. Persons even who are insolvent must be allowed to sell property. It is their duty, by sales, to meet their obligations as far as possible. If they sell for full value for cash, or for cash and a pre-existing indebtedness, there is nothing in such transaction alone to indicate fraud.

There is another branch, however, to this case, and it is upon this that the plaintiff seems mainly to rely. The plaintiff avers in his pleadings, and the conceded fact is, that at the time the garnishee bought the property in question he was holding a chattel mortgage which covered the property, and also a buggy and a sleigh, the mortgage having been given to secure a note of one hundred dollars; that the plaintiff had a subsequent lien upon the buggy and sleigh alone, and that afterward the garnishee foreclosed his mortgage upon the buggy and sleigh, and exhausted them without fully paying his debt, thereby depriving the plaintiff of all advantage from his subsequent lien.

The plaintiff's theory seems to be that the garnishee could

Connolly v. Dillrance.

not make a valid purchase of the horse and wagon, so as to cast the entire burden of his mortgage upon the buggy and sleigh, upon which alone the plaintiff's security rested. But we know of no rule of law which makes such a purchase void. It was Farrar's right to sell the horse and wagon subject to the mortgage, with the mortgagee's consent, to any person he pleased. Whether in such case the property after the sale would have been held to bear the burden of the mortgage as the primary fund, or to bear merely a proportionate share according to value, the sale would be valid in either case. So where, as in this case, the purchaser of the part not covered by the junior lien is the holder of the senior lien, the sale is not invalid. The most that the junior lien holder could claim would be that the mortgage constituting the senior lien should, notwithstanding the sale, be enforced primarily against that property. If a proper proceeding in equity had been commenced, before the sale, by the junior lien holder, to cast the burden of the senior lien primarily upon the property not covered by the junior lien, the proceeding, we think, could not be defeated by a subsequent sale. Whether such proceeding would be effectual if not commenced before the sale, we need not determine. Such relief is not sought. The plaintiff must be regarded as predicating his claim to hold the garnishee for the horse and wagon upon the theory that the title did not pass. We think it did pass.

REVERSED.